## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER | ) | CASE NO.: 5:19CV2204 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM A. LEFAIVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Anthony Oliver brings this action against defendant William LeFaiver and twenty-five Doe defendants alleging federal RICO and state law claims. Doc. 1 ("Complaint"). Plaintiff is a state prisoner currently incarcerated in the Lee County Prison & Infirmary in Leesburg, Georgia. According to the Complaint, defendant is an Ohio attorney whose principal place of business is located within the Northern District of Ohio and, therefore, venue is proper in this judicial district. *Id*. at 3.

For the reasons that follow, this action is dismissed.

## I. Background

Plaintiff alleges that he was employed as a paralegal by an attorney in California who filed a federal class action in in the Middle District of California in February 2017 against Alcohol Monitoring Systems, Inc. *Id*. ¶ 11. He claims that after the California class action was filed, the California attorney he worked for received calls from all over the country from lawyers with clients seeking to join the class action, including defendant LeFaiver, a lawyer from Ohio. *Id*. ¶ 13. Plaintiff states that in June 2017, "plaintiff and his [California attorney] employer decided to file a second federal class action" in the

District of Colorado and LeFaiver's client, Ms. Soltis, was added as a class plaintiff to the Colorado class action. *Id.* ¶ 14. Plaintiff alleges that defendant LeFaiver signed a co-counsel agreement with local Colorado counsel in the Colorado class action and sought admission to the District of Colorado, which included paying a fee and providing a certificate of good standing. *Id.* ¶ 15. Plaintiff alleges that the district judge in the Colorado class action scheduled a status conference requiring attendance by counsel of record, but LeFavier lacked funds to attend the status conference. Plaintiff states that LeFavier solicited funds from the plaintiff in this action and the Colorado class action plaintiffs but was unable to secure funds to attend the status conference. Plaintiff then alleges that LaFaiver contacted the district judge in the Colorado class action and told the judge that he never agreed to represent anyone in the Colorado class action and that plaintiff stole his identity, credit card information, and illegally obtained his certificate of good standing from the State Bar and Ohio Supreme Court. *Id.* ¶ 17. Upon learning of this, the California attorney employing plaintiff terminated plaintiff's employment. *Id.* ¶ 20. Plaintiff alleges that as a consequence, he was unable to obtain employment and to enter law school and his reputation was damaged. *Id.* ¶¶ 23, 24.

Based on these facts, plaintiff asserts five causes of action. First, plaintiff claims that he had a contract with defendant to serve as a paralegal in the Colorado class action and by implicating plaintiff in multiple felonies, defendant breached that agreement. *Id.* ¶¶ 28-31. Second, plaintiff claims that by implicating him in felonies he did not commit, defendant defamed him under Ohio law. *Id.* ¶¶ 32-37. Third, plaintiff alleges that defendant violated RICO and committed wire fraud because defendant sought money from plaintiff to pay for a plane ticket to Colorado and for defendant's admission to the

Colorado court by means of false pretenses and representations. *Id.* ¶¶ 38-41. Fourth plaintiff claims that defendant's conduct violated various California laws, where plaintiff was living at the time. *Id.* ¶¶ 42-46. Fifth, plaintiff asks this Court to: (1) declare that plaintiff did not commit a crime and that defendant committed fraud and perjury in the District of Colorado; (2) order the State Bar of Ohio to place defendant in inactive status, the Ohio Secretary of State to suspend defendant's corporate license; and (3) refer this matter to the U.S. Attorney's office for investigation. *Id.* ¶¶ 47-52. Among other relief, plaintiff seeks compensatory and punitive damages. *Id.* at 15.

## II. Law and Analysis

### A. Standard of Review

P*ro se* pleadings are liberally construed by the Court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nevertheless, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true and with all reasonable inferences drawn in plaintiff's favor, to state a plausible claim for relief. *See*

*Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.") (citations omitted).

### B. Analysis

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). The *Younger* doctrine "extends to ongoing administrative proceedings such as state bar disciplinary processes[.]" *Danner v. Bd. of Prof'l Responsibility of Tennessee Supreme Court*, 327 F. App'x 577, 578 (6th Cir. 2009) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434-35 (1982)). Abstention is appropriate if: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Id.* (citation omitted).

Disciplinary "[b]oard proceedings are ongoing state judicial proceedings for purposed of applying *Younger*." *Id.* (citations omitted).

> As for the remaining *Younger* criteria, the regulation and discipline of attorneys is without a doubt an important state function. *See Danner v. Bd. of Prof'l Responsibility of the Tenn. Supreme Court,* 277 F. App'x 575, 579 (6th Cir. 2008). Moreover, the disciplinary process provides for judicial review of allegations that the Board's findings violate constitutional provisions. *Id.*

*Id.*

Plaintiff states that with respect to the allegations at issue in this action, he filed a complaint with the Ohio State Bar against defendant and that complaint is pending. Complaint ¶¶ 9-10. This Ohio State Bar grievance proceeding against defendant, an Ohio attorney, implicates an important state interest. Plaintiff does not indicate that Ohio's

attorney complaint proceedings will not afford him the opportunity to raise the federal questions he raises in this action.

The pending Ohio attorney complaint procedure initiated by plaintiff with the Ohio State Bar satisfies all three of the *Younger* criteria. Accordingly, the Court must abstain from exercising jurisdiction over this case in deference to the pending state proceedings, and this action is dismissed without prejudice. *See American Family Prepaid Legal Corp. v. Columbus Bar Ass'n,* 498 F.3d 328, 333 n.3 (6th Cir. 2007) (noting that Ohio state bar proceedings are judicial in nature); *Squire v. Coughlan,* 469 F.3d 551, 556 (6th Cir. 2006) (holding that investigations by disciplinary counsel into suspected attorney misconduct and concomitant disciplinary proceedings are adjudicative functions for purposes of *Younger* analysis in context of Disciplinary Counsel for the Supreme Court of Ohio).

## III. Conclusion

For all the foregoing reasons, the Court declines to exercise jurisdiction over this matter and this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for service of the Complaint is moot and denied as such. Doc. 8.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

March 11, 2020                           _s/John R. Adams_____
                                         JUDGE JOHN R. ADAMS
                                         UNITED STATES DISTRICT COURT